# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-cr-233(3) (JRT/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| 3. SIARRA IRIS DAWN GALLEGOS, | |
| Defendant. | |

This matter is before the Court on the parties' motions for discovery and disclosure. The hearing was held by video conference via Zoom, with Sierra Gallegos' consent, because of the COVID-19 pandemic. The Court issues the following Order addressing the discovery and disclosure issues raised by the parties' submissions.

1. **The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 [ECF No. 21]**

The Government seeks discovery and disclosure as required by several provisions of the Federal Rules of Criminal Procedure. Ms. Gallegos does not object to the government's motion. The motion is **GRANTED** to the extent that Ms. Gallegos shall provide discovery as required by the applicable provisions of the Rules. Further, the government shall provide any expert witness disclosures **no later than four weeks prior to trial**. Ms. Gallegos shall provide any expert witness disclosures **no later than three weeks prior to trial**.

2. **Ms. Gallegos' Motion to Compel Disclosure of Evidence Favorable to Accused [ECF No. 122]**

Ms. Gallegos seeks disclosure of information that is exculpatory or favorable to his defense, including impeaching information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963),

1

*Giglio v. United States*, 405 U.S. 150 (1972) and their progeny. The government states that it has complied with, and will continue to comply with, its *Brady* and *Giglio* obligations. Ms. Gallegos's motion is **GRANTED**. *Brady*, *Giglio*, and their progeny create an affirmative obligation for the government to make disclosure of exculpatory and impeachment evidence to the defense. All such materials must be disclosed within seven days of the date of this Order, and any such additional information must be promptly disclosed to the defense if it is later discovered by the government.

   3. **Ms. Gallegos' Motion to Compel Disclosure of 404(b) Evidence [ECF No. 123]**

Ms. Gallegos seeks an order requiring the government to provide notice of its intent to introduce evidence of other crimes, wrongs, or acts pursuant to Federal Rule of Evidence 404(b). The government objects to the motion to the extent it seeks *immediate* disclosure and any disclosure of information that does not fall within the parameters of Rule 404(b). As set forth in this Order, Ms. Gallegos' motion is **GRANTED**. The government shall provide the reasonable notice required by Rule 404(b) **at least four weeks prior to trial**. This early disclosure will give Ms. Gallegos adequate time to file any motions in limine related to such evidence.

   4. **Ms. Gallegos' Motion for Discovery [ECF No. 124]**

Ms. Gallegos moves the Court for an Order requiring the government to disclose information on a variety of topics. The government states that it has already made the disclosures required by Fed. R. Crim. P. 16 and that it will timely supplement those disclosures where necessary and as required under the Rules. Ms. Gallegos' motion is

**GRANTED** to the extent that the government must make disclosures as required by Rules 16 and 26.2 of the Federal Rules of Criminal Procedure.

    5.    **Ms. Gallegos' Motion for Discovery of Expert Under Rule 16(a)(1)(E) [ECF No. 125]**

Ms. Gallegos seeks an order compelling the government to provide a written summary of the expert testimony the government intends to use at trial. The government does not oppose the motion. The motion is **GRANTED**. Expert disclosures shall be made as set forth in Paragraph 1 of this Order.

    6.    **Ms. Gallegos' Motion for Disclosure of Grand Jury Transcripts [ECF No. 126]**

Ms. Gallegos asks the Court to require the government to produce the transcript of any grand jury witness whom the government intends to call to testify at the motion hearing or at trial. The government states that it has already produced grand jury transcripts for all witnesses in this case. Because the information requested has already been produced, this motion is deemed **MOOT**.

    7.    **Ms. Gallegos' Motion to Compel Disclosure of Informant [ECF No. 127]**

Ms. Gallegos seeks an Order compelling the government to disclose the identity of any informant used by the government in its investigation of this case, including those referenced in police and other law enforcement reports. In response, the government states that it "did not utilize any confidential informants or cooperating witnesses whose identities are unknown to the defendants as contemplated in *Roviaro v. United States*, 353 U.S. 53, 59 (1957)." [ECF No. 135 at 6]. Based on the government's representations that no informants were used during the investigation, this motion is deemed **MOOT**.

## 8. Ms. Gallegos' Motion for Disclosure of Co-Defendants' Presentence Reports [ECF No. 128]

Ms. Gallegos asks the Court to compel disclosure of the presentence investigation reports ("PSR") of co-defendants Cody Timmerman and Irma Timmerman, and for financial records obtained in connection with their presentence investigations. In the alternative, Ms. Gallegos asks the Court to conduct an in-camera review of the reports and related records to determine whether they contain exculpatory evidence. The government states that it is aware of its obligation to disclose exculpatory information and represents that it "will produce any underlying discovery relied upon by probation to draft a PSR that contains *Brady* materials." Further, the government states that if the report is the only place where the *Brady* materials can be found, then the government will ask the Court to unseal the report so that it may be disclosed to the defense. [ECF No. 135 at 6–7].

"It is generally agreed that 'some showing of special need' is required before a district court should release a PSR to a third party." *United States v. Spotted Elk*, 548 F.3d 641, 672 (8th Cir. 2008). Such a demonstration has been found lacking where there has been no "'threshold showing of a good faith belief that a co-defendant's PSR contains exculpatory evidence not available elsewhere.'" *See United States v. Jewell*, 614 F.3d 911, 921–22 (8th Cir. 2010) (comparing the discussion of "special need" in *Spotted Elk* with the test applied in *United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004)). If a showing of special need is made, "the district court should conduct an *in camera* review of the requested report, and then disclose exculpatory or impeachment material as appropriate." *United States v. Williams*, 624 F.3d 889, 894 (8th Cir. 2010). A district abuses its discretion by failing to conduct an *in camera* review where "the defendant has sought access to a coconspirators PSR, the

4

government has recognized the possibility that the PSR contains *Brady/Giglio* information and requested *in camera* review, and the district court fails to carry out such review…." *United States v. Garcia*, 562 F.3d 947, 953 (8th Cir. 2009). The district court's determination of whether to release a PSR to a third party or conduct an *in camera* review is left to the district court's discretion. *E.g.*, *Williams*, 624 F.3d at 894 ("A district court's decision whether to provide access to a PSR is reviewed for abuse of discretion.").

At this time, the Court finds that Ms. Gallegos has not made the necessary showing of a special need for access to the PSRs prepared by probation for co-defendants Cody and Irma Timmerman. The motion is accompanied by no evidence indicating that the PSRs would likely contain exculpatory or impeaching financial information that Ms. Gallegos could not obtain from publicly available sources, or from the volumes of discovery the government has already provided. *United States v. Baker*, No. 4:06-CR-00041 BSM, 2009 WL 3200023, at *8 (E.D. Ark. Oct. 2, 2009) ("The court finds that no *in camera* review is warranted because Baker has failed to make a threshold showing of a good faith belief that the co-defendant's, co-conspirators', or cooperating witnesses' PSR contains exculpatory evidence not available elsewhere.") (cleaned up). It is also worth noting that the government has offered to review the report and disclose any underlying information made available to probation for preparation of the PSR. *See id.*, 2009 WL 3200023 at *8 (denying a motion for disclosure of a co-defendant's PSR where "the government states it is aware of its disclosure obligations and will continue to comply with them"). Moreover, the government has indicated that if the PSR contains *Brady/Giglio* information that is not available elsewhere, it will ask the Court to unseal the report so that it may be appropriately disclosed.

5

For these reasons, the motion for disclosure of the Timmermans' PSRs is **DENIED WITHOUT PREJUDICE**. The motion may be renewed if Ms. Gallegos obtains information that supports a finding of special need or if the government determines that disclosure of the PSR or in camera review is necessary because it contains *Brady/Giglio* information that is not available from any publicly available source.

9. **Ms. Gallegos' Motion for Early Disclosure of Jencks Act Material [ECF No. 129]**

Ms. Gallegos seeks to compel the government to provide early disclosure of Jencks Act material. The government opposes the motion and objects to the entry of any order requiring early disclosure. However, the government states that it intends to voluntarily provide the defense with all Jencks Act materials no later than three business days prior to trial. Further, the government notes that it has already produced all Jencks Act material currently in its possession, including all grand jury transcripts and all existing witness statements. Because the Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Ms. Gallegos's motion is **DENIED**. The Court greatly appreciates the government's substantial disclosures thus far, and its willingness to agree upon a date well ahead of trial for any remaining production.

### 10. Ms. Gallegos' Motion for Government Agents to Retain Rough Notes and Evidence [ECF No. 131]

Ms. Gallegos seeks to compel law enforcement officials involved in the investigation of this case to retain and preserve their rough notes. The government does not object to the motion and states that it has already instructed the agents to retain their notes. The motion is **GRANTED**.

Date: December 21, 2021

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge